IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KURT STITCHER, ET AL.,

    Plaintiffs,                                       06cv0063

v.                                                    ELECTRONICALLY FILED

MARK BLEIER, ET AL.,

    Defendants.

## Memorandum and Order of Court

Before the Court are motions to dismiss Kurt and Karen Stichers' complaint, setting forth breach of contract and various related tort claims arising from a failed sale-purchase of a home in Pennsylvania, filed by defendants Richard Kuminkoski and Premier Home Equity Services, Inc. (Document No. 10) and defendants Mark and Darlene Bleier (Document No. 13).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make

out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."  *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the *Budinsky* liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of their claims. Accordingly,

**AND NOW, this 30th day of March, 2006,** after due consideration of defendants' motions to dismiss the complaint, plaintiff's response thereto, and the memoranda of law in support and in opposition,

**IT IS HEREBY ORDERED** that said motions to dismiss (Documents Nos. 10 and 13) are **DENIED** without prejudice to defendants' raising the issues set forth therein in motions for summary judgment at the appropriate time following discovery.

/s Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:  All counsel of record as listed below  
Kurt E. Stitcher, Esquire  
Sheri Rudberg, Esquire  
Winston & Strawn  
35 West Wacker Drive, 41st Floor  
Chicago, IL 60601

Michael John Pawk, Esquire  
Lutz & Pawk  
101 East Diamond Street  
Suite 102  
Butler, PA 16001

Thomas E. Reilly, Esquire
Thomas E. Reilly, P.C.
2025 Greentree Road
Pittsburgh, PA 15220